IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ARTHUR L. HEIM,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:06CV468** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| Jo Anne B. Barnhart, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court after the plaintiff filed his complaint. **See** Filing No. 1. As part of the complaint, the plaintiff requests appointment of counsel. The court cannot routinely appoint counsel in civil cases. Pursuant to federal statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, in ***Davis v. Scott***, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.' . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (internal citations omitted).

The plaintiff has not shown he is indigent nor has he submitted an affidavit regarding his financial condition, Form AO-O240, which can be found on the court's website www.ned.uscourts.gov. Further, the plaintiff has capably presented the factual basis for the claims in this proceeding. The court finds that appointment of counsel is not necessary to enable the plaintiff to pursue his claims. Therefore, the motion for appointed counsel, is denied.

**SO ORDERED.**

DATED this 18th day of July, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge